## CENTRAL COAL & COKE COMPANY *v.* WILSON.

### Opinion delivered July 15, 1907.

MINES AND MINING—EXPLOSION OF GAS—LIABILITY OF MASTER.—A miner can not recover of his employer for injuries received in an explosion of gas where the injuries were directly due to his fanning the gas against a flame contrary to the terms of the contract under which he was employed.

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; reversed.

*Ira D. Oglesby,* for appellant.

1. The court erred in refusing instructions 2 and 3 for defendant. If there is any evidence to sustain a particular theory of a case, the court should properly instruct the jury as to such theory. 50 Ark. 502.

2. A peremptory instruction should have been given for defendant, as the evidence shows plaintiff violated the rules of the company. 110 Mo. 387; 80 Fed. 592; 55 C. C. A. 129; Bailey on Pers. Inj. § 3396; Beach, Cont. Negl. § 373; 95 U. S. 439; *122 Id.* 195.

*T. B. Pryor,* for appellee.

The cases cited by counsel have no application to the facts of this case. The purpose of fanning was to get up a circulation of air. Plaintiff was justified in acting upon the presumption that if there had been gas in the working place it would have been marked out. 73 Ark. 530. The defendant failed to discharge its duty and attempts to escape liability by saying that plaintiff exercised too much precaution. The instructions asked presuppose the existence of a state of facts that the evidence shows did not exist.

RIDDICK, J.  This is an action brought by Chas. L. Wilson, a miner, to recover damages for an injury which he suffered by reason of an explosion of gas in the mine of defendant company.  He alleged that the presence of the gas was due to the negligence of the defendant, and that it was liable in damages for the injury caused thereby.  The defendant filed an answer denying negligence, and further alleging that the plaintiff brought about his own injury by a violation of the rules of the company regulating the performance of his work, and that the company was not responsible for his injuries.

On the trial the jury returned a verdict in favor of plaintiff for $250.  Judgment was rendered against the company for that sum, and it appealed.

The evidence shows that at the time of the injury the plaintiff, Wilson, was about to commence work to make a cross cut or opening connecting two parallel passageways in the mine. There were two sets of workmen engaged in this work.  One worked in the day and one in the night.  Wilson was one of those who worked at night.  Before commencing work Wilson said to the night foreman that the place where he was going to work "ought to be run;" meaning that the room or entry should be examined for gas.  But the foreman said that it was unnecessary, as the shot firers had just come out.  Wilson with a companion thereupon went to the place to commence work.  It was a rule of the company that the foreman should mark those rooms or entries in which there was gas so that the workmen would keep out.  But there was no mark on this place.  Wilson testified that he talked with the man who worked with him as to whether there was any gas in the place where they intended to work.  He was proceeding to give the details of this conversation, but was stopped by an objection of defendant's counsel. He then proceeded with his testimony as follows:  "I went in there, and it is an old custom, if there is a small amount of gas in a place, why, a coat or shirt or anything that makes wind if you swing it, it will drive it out for a little bit.  I went in there and hit one lick with a sweater.  The place was full of gas.  It was standing there chuck full.  If I had started in there with an open lamp, they would have said it was negligence.  But I was trying to play safe; the only thing left me was to brush it

out and be on the safe side. I went in there in the dark, had no light there, and on shooting the shots there was a fire in behind the shot. I could'nt see the fire; it was just a small thing; and when I hit it one lick with the sweater, it went off just like a cannon. It blew me out of the mouth of the entry, burned me, burned my hand, face, arms, ears." Plaintiff, in further explanation of the cause of the explosion, said that there had been a small amount of fire left by the shot firers which plaintiff did not see when he entered the room or passage; that, not knowing whether gas was there or not, he began brushing with his sweater to find out whether it was there or not, so that, if it was there, he could drive it out; that the first lick he made with the sweater he brushed the gas down against the fire, and the gas exploded. Now, the evidence shows without contradiction that it was specified in the contract under which plaintiff and other miners worked that they were not to brush gas. It was against the rules of the company to do that for the reason, as counsel for appellant says, that such an act might drive the gas against the open lamps of other laborers in the mine, causing an explosion, and endanger the lives of those in the mine.

Counsel for appellee concedes that the contract forbids the brushing of gas, but he contends that it was the duty of the company to have those rooms in which there was gas marked so that the presence of gas would be known, and that the prohibition in the contract against brushing gas applies to such rooms only. But the evidence does not show that, and we take it that the rooms in which gas was found by the foreman were "marked out" to keep workmen out entirely until the room was ventilated and the gas driven out.

No good reason is shown why the provision in the contract against brushing gas should be limited to rooms that have been marked out, and we are of the opinion that it applies in all cases when the workman has notice of the presence of gas. Of course, a workman might fan himself or brush the air with his coat to secure better ventilation when there was no reason to suspect the presence of gas, without violating this rule. But the testimony of the plaintiff in this case shows conclusively that he was not brushing because he believed no gas was present; it shows that he either brushed the gas to drive it out of the room

or to ascertain whether gas was present or not. He must have suspected the presence of gas; and when he undertook to brush it, we think it was a violation of the rule as specified in his contract, whether his intention was to ascertain the presence of the gas or to drive it out of the room. But, as plaintiff's own evidence shows that he could not detect the presence of gas by brushing it unless as in this case he brushed it against something that caused an explosion, we think his object in brushing must have been to drive the gas out of the room, which was a violation of his contract.

The defendant asked two instructions on this point, but they are not quite accurate, for they tell the jury that if plaintiff brushed his room and caused the explosion he could not recover, whereas the rules did not forbid brushing the room but brushing gas. But that matter is not very material now, for the view that we take of the evidence is that the testimony of the plaintiff himself shows that the explosion was caused by the fact that he undertook to brush gas out of his room. It is very true that he did not at that time know positively that gas was present, but his object in brushing was to drive it out if it was there. And, as we have stated, it was a violation of his contract to attempt to drive gas out in that way. The result in this case shows that the act was dangerous. The injury to plaintiff resulted instantly and directly from this violation of his contract, and in our opinion, under the facts as shown in the transcript, the court should have directed a verdict for defendant.

Judgment reversed, and cause remanded for a new trial.

WOOD, J., not participating.